IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW-YORK,

IN MAY TERM, 1829, IN THE FIFTY-THIRD YEAR OF OUR INDEPENDENCE.

---

### SMITH and STEBBINS *vs.* BUSH and POMEROY.

MOTION to set aside proceedings for irregularity. The capias in this cause was returnable on the last day for return of process of the February term, to wit, the *twenty eighth* February. The appearance of the defendants was endorsed on the writ, which was returned to the clerk's office, and filed on the *sixteenth* day of February. On the *nineteenth*, the plaintiff filed his declaration, and entered a rule to plead, and on the seventeenth day of March, took a default against the defendants. On the 21st day of March, a notice of retainer was served by the defendant's attorney, and a motion was now made to set aside the default for irregularity.

*A rule to plead, entered previous to the return day of a capias, although after the capias is returned to the clerk's office, is irregular.*

*Churchill & Tisdale,* for defendants.

*L. Smith,* for plaintiff, insisted that the proceedings were regular, inasmuch as the appearance of the defendants must be considered, at all events, as entered on the return day of the writ ; and that, in analogy to the filing of a declaration *de bene esse,* previous to the putting in of special bail, the filing

NEW-YORK,
May, 1829.

Tyler
v.
Ætna Ins. Co.

of the declaration in this case, previous to the time when the appearance could regularly be entered, was allowable.

*By the Court*, SAVAGE, C. J. The plaintiff proceeded in his suit before the return day of the capias. Until then, the defendants were not bound to appear, and could not be considered in court for any purpose. The motion is granted, with costs.

---

## ANON.

A *commissioner* to do the duties of a judge, &c. has not power to make an order regulating the admission of attornies,

CASE of clerkship. Application was made to admit a law student to examination as an attorney of this court, on producing a certificate of his having served a clerkship in conformity to an order of a *commissioner*, making an allowance for classical studies, and prescribing the term of professional studies.

*By the Court*, SAVAGE, C. J. Orders in cases of this kind, made by commissioners, are of no validity, and are not regarded by the court. The powers of commissioners do not extend to such cases. The regulating the admission of attornies peculiarly belongs to the court and to the judges themselves, and should not be interfered in by commissioners.